UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

Patti Christian Brown, )
    Plaintiff; )
  )
-vs.- )    No. CV 96-P-1556-W
  )
Mercedes-Benz U.S. International, Inc. and )
Herb Gzik, )
    Defendants.

## OPINION

Two motions for summary judgment in this case are before the court. For the reasons stated below, Herbert Gzik's motion is due to be granted, and Mercedes-Benz U.S. International, Inc.'s motion is due to be granted in part and denied in part.

### Facts[1]

Patty Christian Brown ("Brown") began working as an administrative assistant at Mercedes Benz U. S. International ("Mercedes") in 1994. Initially she provided administrative assistance for the entire engineering department. Over time, more and more of her responsibilities involved meeting the needs of the Vice President in charge of the engineering department, defendant Dr. Herbert Gzik ("Gzik"). Brown alleges that she suffered numerous acts, affronts and insults during her professional interaction with Gzik that constitute illegal sexual harassment. For the purpose of these motions, the court presumes as true that Gzik: 1) asked Brown to be more like his German secretary Silke Kramer; 2) often required her to have lunch with him; 3) often

---

[1]. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.



complimented her or otherwise commented on her appearance; 4) told her to be "more like a wife" to him by anticipating his needs; 5) expected her to attend social events at his home and with other employees after work hours; 6) told someone else that she was a "stupid cow"; 7) asked her to smile warmly when she was in his presence; 8) was jealous of her relationship with her boyfriend whom she later married; 9) criticized her for divorcing her husband and remarrying; 10) frequently criticized her job performance; and 11) was rude, short tempered, tactless and generally unpleasant to work for. The Plaintiff has not claimed that Gzik used profane or sexually explicit language, ever touched her in an inappropriate way, made any romantic overtures of any kind, or asked that she engage in any sexual conduct.

On April 20, 1995, Brown expressed her dissatisfaction with Gzik to the Human Resources Department, and complained of some of the behavior summarized above. Following these discussions, Brown was transferred on May 26, 1995, to an equivalent position in the Purchasing Department. Brown's supervisor in the Purchasing department, Mr. Birch, professed to be unaware of the circumstances of Brown's conflict with her previous supervisor. In the six days that Brown and Birch actually worked together, Birch also criticized Brown's performance and expressed dissatisfaction with her work. On June 20, 1995, Brown was out of the office when Birch needed her to type a fax. Birch assumed that Brown was unavailable because she taking an excessively long lunch break in violation of company policy. When Birch found Brown, he admonished her in an explosive "rage". Shortly thereafter, Brown resigned from her position at Mercedes. Brown alleges that, immediately after she notified Birch of her resignation, other employees saw him give the "thumbs-up" sign to another manager and say "she is out of here and Herb owes me big time for this one."

On or about December 13, 1995, Brown filed a Charge of Discrimination with the EEOC regarding alleged sexual harassment by Gzik. After receiving notice of her right to sue from the EEOC, Brown filed this suit against Mercedes and Gzik. Brown's complaint alleges that the defendants violated Title VII of the Civil Rights Act of 1964 by requiring her to work in a sexually hostile work environment and by retaliating against her by constructively discharging her in response to her complaints about Gzik's alleged harassment. Brown also alleges Alabama state law claims for invasion of privacy, intentional infliction of emotional distress, and negligent hiring, retention and supervision of employees.

## Analysis

Defendant Gzik's Motion for summary judgment is due to be granted on both the federal and state law claims asserted against him.

It is well settled in the Eleventh Circuit that Gzik, as a matter of law, cannot be held individually liable as to any claim by the plaintiff asserted under Title VII. *Cross v. State of Alabama*, 49 F.3d 1490, 1504 (11th Cir.), *reh'g on banc denied*, 59 F.3d 1248 (11th Cir. 1995); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

Gzik is also entitled to summary judgment on the Plaintiff's state law claims because the Plaintiff has failed to allege sufficient facts upon which a reasonable jury could find him liable. The tort of outrage is reserved for "conduct so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *American Road Serv. Co. v. Inmon*, 394 So.2d 361, 365 (Ala. 1981). Liability for invasion of privacy is reserved for intrusions into one's private affairs that would outrage a person of ordinary

3

sensibilities and would cause mental suffering, shame or humiliation. *Logan vs. Sears, Roebuck & Co.*, 466 So.2d 121, 123 (Ala. 1985). The evidence submitted by the Plaintiff, viewed in a light most favorable to her, is insufficient as a matter of law to establish claims for either of these torts.

Mercedes is due to be granted summary judgment as to the Plaintiff's Title VII sexual harassment and constructive discharge claims, as well as the Plaintiff's state law tort claims.

A plaintiff asserting a claim of discrimination under Title VII must file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). Brown filed her EEOC charge regarding the alleged harassment of Gzik on or about December 13, 1995. On May 26, 1995, she was transferred to the purchasing department. Brown has not alleged that she was sexually harassed after her transfer to the purchasing department. Therefore, the latest date that Brown could allege that she suffered any sexual harassment is 201 days before she filed her charge with the EEOC. Since she cannot establish any acts of sexual harassment within the 180 day period, the Plaintiff's hostile work environment sexual harassment claim is time barred, and due to be dismissed.

Mercedes is due to be granted summary judgment on the constructive discharge issue because the plaintiff has not produced sufficient evidence to support such a claim. The court concludes that no reasonable jury could find that the six days of criticism and reprimands presented by the Plaintiff constitute working conditions so difficult and unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. See, *Garner v. Wal-Mart Stores, Inc.*, 807 F.2d 1536 (11th Cir. 1987).

Mercedes is also entitled to summary judgment on the Plaintiff's state law claims for the same reasons that Gzik is entitled to summary judgment on those claims.

Mercedes' motion for summary judgment is due to be denied as to Brown's Title VII retaliation claim. The retaliation claim is a distinct cause of action whose proof establishes a separate violation of Title VII. Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), makes it an unlawful employment practice for an employer to discriminate against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII] . . ." In order to establish a prima facie case for discriminatory retaliation under Title VII, a plaintiff must show that she: 1) engaged in a protected activity under Title VII; 2) was disadvantaged by an action of her employer simultaneously with or subsequent to such participation; and 3) that there is a causal connection between the protected activity and the adverse employment action. *Morgan v. City of Jasper*, 959 F.2d 1542, 1547 (11th Cir. 1992). The court finds that the facts necessary to establish each of these material issues are in dispute, although it is clear as a matter of law that a constructive discharge was not the ultimate consequence of this alleged retaliatory behavior. Accordingly, Mercedes is not due to be granted summary judgment on Brown's retaliation claim.

## CONCLUSION

Defendant Gzik's Motion for Summary Judgment is due to be granted. Mercedes' Motion for Summary Judgment is due to be granted as to the Plaintiff's Title VII sexual harassment and constructive discharge claims, as well as her state law tort claims. However, Mercedes' motion is due to be denied as to the Plaintiff's Title VII retaliation claim.

The Plaintiff's only remaining claim is one for retaliation. In light of the court's finding

5

on the issue of constructive discharge, the Plaintiff's damages for the alleged retaliation would be limited to injuries suffered during the six days that she actually worked with Mr. Birch. With this in mind, the court suggests that the parties consider whether or not the remaining claim in this case is one that might be resolved more appropriately in mediation.

Dated: March 9, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Andrew J. Smithart, III
    Amelia H. Griffith
    Fredric Ingram
    Patti P. Burke